

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 25, 1969

Honorable John Kinross-Wright
Commissioner
Texas Department of Mental Health
   and Mental Retardation
Box S - Capitol Station
Austin, Texas 78711

Opinion No. M- 516

Re: Whether the Superin-
tendent of Terrell State
Hospital may refuse to
furnish to a widow of a
deceased patient the
medical records of the
deceased patient who
died shortly after his
discharge

Dear Doctor Kinross-Wright:

By your recent letter to this office, you have requested an opinion as to whether the Superintendent of Terrell State Hospital may refuse to furnish to the widow of a deceased former patient who dies shortly after discharge, his medical records.

The disclosure of information concerning inmates in mental institutions operated by the State of Texas is governed by Article 5547-87 and in Subdivisions 2.02, Section 2.16, 2.17, and 2.23, Vernon's Civil Statutes. In particular, Article 5547-87 reads as follows:

> "(a) Hospital records which directly or indirectly
> identify a patient, former patient, or proposed
> patient shall be kept confidential except where

> "(1) consent is given by the individual identified,
> his legal guardian, or his parent if he is a minor;

> "(2) disclosure may be necessary to carry out the
> provisions of this Code;

"(3) a court directs upon its determination that disclosure is necessary for the conduct of proceedings before it and that failure to make such disclosure would be contrary to the public interest, or

"(4) the Board or the head of the hospital determines that disclosure will be in the best interest of the patient.

"(b) Nothing in this section shall preclude disclosure of information as to the patient's current condition to members of his family or to his relatives or friends."

Article 5547-202, Section 2.23(c) reads as follows:

"The identity of any person whose condition or treatment has been studied shall be kept confidential and shall not be revealed under any circumstances. All information, interviews, reports, statements, memoranda... and any findings or conclusions resulting from such studies are declared to be privileged."

It is also noted that the above statutes do not provide for the furnishing of a patient's medical history to his surviving wife. It is concluded that the Superintendent of the Terrell State Hospital was correct in not furnishing to the deceased widow the medical records of such deceased former patient who died shortly after his discharge.

#### S U M M A R Y

Hospital administrators may refuse to furnish to the deceased's widow the medical records of the deceased former patient who died shortly after his discharge.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Gordon C. Cass
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Harold Kennedy
Sarah E. Phillips
Monroe Clayton
Bill Allen

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant